UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-091-DCR |
| V. | ) ) | |
| WILLIAM SCOTT HAMLIN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant William Scott Hamlin worked for an organization that was responsible for delivering drugs across the border from Mexico into Texas, and then transporting the drugs via tractor trailer to destinations in the eastern part of the United States. Specifically, Hamlin participated as a delivery driver transporting marijuana from South Texas. [*See* Record No. 241, p. 2] On August 5, 2012, Hamlin was stopped at a United States Border Patrol checkpoint near Laredo, Texas, with approximately 1,256 kilograms of marijuana in a hidden compartment. He pleaded guilty on September 4, 2013, to conspiring to distribute more than 1,000 kilograms of marijuana as charged in Count 1 of a superseding indictment. [Record No. 109] On February 26, 2014, Hamlin was sentenced to a term of imprisonment of 84 months for his admitted criminal conduct. [Record No. 246]

This matter is pending for consideration of Hamlin's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 321] Hamlin requests a two-level reduction in his non-binding guideline calculation following recent changes to the

United States Sentencing Guidelines. Hamlin has provided Certificates of Completion of programs during his imprisonment including the Freedom from Drugs Program, the Institute of Self-Worth, and Personality Profiles. [Record No. 321-1] The completion of these programs has been considered in evaluating Hamlin's motion. However, for the reasons described below, Hamlin's motion will be denied.[1]

Based on the quantity of drugs attributed to him, Hamlin's Base Offense Level was calculated as 30. Hamlin received a two-level reduction as a minor participant in the criminal activity pursuant to U.S.S.G. § 3B1.2(b) and a three-level reduction for acceptance of responsibility. [PSR, pp. 11–12] Combined with his Criminal History Category of III, Hamlin's non-binding guideline range for imprisonment was 70 to 87 months. [PSR, p. 20] However, because Hamlin's conviction qualified under 21 U.S.C. § 841(b)(1)(A), he was subject a statutory minimum term of imprisonments of 120 months. *See* U.S.S.G. § 5G1.1; [PSR, p. 20] The United States moved for a downward departure from the mandatory minimum term of imprisonment pursuant to U.S.S.G. § 5K1.1 and recommended a departute of three years (*i.e.*, a total sentence of 84 months).

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Although the Court ultimately adopted the United States' recommendation of 84 months, all statutory factors were carefully considered when evaluating the sentence to be imposed (*i.e.*, the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, Hamlin's need for rehabilitation, and the need for adequate general and specific deterrence to future criminal conduct).  Notwithstanding the provisions of U.S.S.G. § 1B1.10(c) of the 2014 manual, the undersigned continues to believe that the sentence originally imposed is sufficient but not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a).

While Hamlin has completed numerous programs during his imprisonment, a sentence reduction would unduly diminish the seriousness of his criminal conduct.  Hamlin participated in an extensive conspiracy involving the trafficking of large quantities of controlled substances from outside the country to areas in the eastern part of the United States.  He was stopped with approximately 1,256 kilograms of marijuana in the tractor trailer he was driving.  [PSR, pp. 8–9]  This criminal conduct has a negative effect on society in general and causes public harm.  Thus, under the circumstances presented, an additional reduction is not warranted.  Accordingly, it is hereby

**ORDERED** that Defendant William Scott Hamlin's motion to reduce his sentence under 18 U.S.C. § 3582(c) [Record No. 321] is **DENIED**.

This 17th day of March, 2015.



Signed By:
Danny C. Reeves  DCR
United States District Judge